J-A07039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                          :                 PENNSYLVANIA
                                           :

            v.                                  :

FELIPE VEGA, JR.                     :

           Appellant         :      No. 555 MDA 2020

Appeal from the PCRA Order Entered August 6, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000340-2007

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MAY 04, 2021**

Appellant, Felipe Vega Jr., appeals *pro se* from the August 6, 2019, order

entered in the Court of Common Pleas of Dauphin County, which dismissed

Appellant's second petition filed under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.  After a careful

review, we affirm.

This Court has previously set forth the relevant facts and procedural

history, in part, as follows:

> A jury found Appellant and his co-defendant/cousin, Carlos Lopez-Malave, guilty of second degree murder, robbery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary in connection with the home invasion, robbery, and fatal shooting of Cung Duong, the owner of a Harrisburg pool hall and a well[-]known bookie in the

_____

[*] Former Justice specially assigned to the Superior Court.

Harrisburg Asian community. Three other co-conspirators were charged with the murder and entered guilty pleas. As part of their plea agreements, they testified against [Appellant and his co-defendant] at trial. [The testifying co-conspirators included Ronald Whitstyne, Angel Luis Rivera-Figueroa, and Quong Luong. A sixth co-conspirator, Lebron Johnson, did not testify.] The jury was informed of the plea agreements and the bargain the co-conspirators made in exchange for specifically defined sentences. After his conviction, Appellant was sentenced to life imprisonment for the murder conviction and concurrent terms of imprisonment for the remaining charges. Appellant did not file post-sentence motions.

**Commonwealth v. Vega**, 981 A.2d 937 (Pa.Super. 2009), unpublished memorandum at 1-2 (footnote omitted).

Appellant filed a timely appeal to this Court in which he raised the following claims of trial court error: 1) admission of a photo array, which included a photograph of him bearing the notation, "Harrisburg Police Department;" 2) the improper limitation of defense counsel's cross-examination of a co-conspirator who testified for the Commonwealth, as well as disparaging remarks made by the trial court regarding defense counsel's prior cross-examination; and 3) allowing the jury to view an x-ray of the victim, showing a severe facture (*sic*) he received as a result of having been shot in the leg. **See id.**, unpublished memorandum at 2. Concluding that these claims were waived or otherwise meritless, on July 29, 2009, we affirmed Appellant's judgment of sentence. **Id.** On March 10, 2010, our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a *pro se* PCRA petition on March 14, 2011, and the PCRA court appointed counsel. However, Appellant later hired private counsel ("PCRA counsel") who replaced court-appointed counsel. Thereafter, PCRA counsel filed a supplemental PCRA petition, and the Commonwealth filed an answer to the petitions. Following the grant of several continuances, the PCRA court held an evidentiary hearing on August 3, 2012. Both the prosecutor who tried the case for the Commonwealth and Appellant's trial counsel testified. At the conclusion of the hearing, the PCRA court directed the parties to file supporting briefs. By order entered January 27, 2014, the PCRA court denied Appellant's petition. [A] timely appeal followed.

***Commonwealth v. Vega***, No. 293 MDA 2014, at 1-3 (Pa.Super. filed 2/9/2015) (unpublished memorandum).

On appeal, Appellant contended the PCRA court erred in failing to find the prosecution violated ***Brady***[1] by withholding material evidence (Ronald Whitstyne's criminal record), and additionally, in failing to find trial counsel was ineffective in failing to obtain Whitstyne's criminal record. This Court concluded Appellant waived his claims or otherwise was not entitled to relief, and therefore, we affirmed the PCRA court's order on February 9, 2015. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on July 29, 2015.

On May 2, 2019, Appellant filed a *pro se* PCRA petition, and on July 3, 2019, the PCRA court provided Appellant with notice of its intent to dismiss the petition. On July 22, 2019, Appellant filed a response, and on August 6, 2019, the PCRA court dismissed Appellant's PCRA petition. This *pro se* appeal followed.[2]

---

[1] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[2] The PCRA court denied Appellant's PCRA petition on August 6, 2019, and Appellant filed his *pro se* notice of appeal on March 31, 2020. It is well-settled that a notice of appeal must be filed within thirty days of the entry of the order being appealed. ***See Commonwealth v. Moir***, 766 A.2d 1253 (Pa.Super. 2000); Pa.R.A.P. 903(a). Accordingly, Appellant's appeal is facially untimely. Therefore, this Court filed an order on April 14, 2020, directing Appellant to show cause why this appeal should not be quashed as untimely.

J-A07039-21

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1) Appellant's right to appellate review is denied where transcription of evidentiary hearing is incomplete?

2) PCRA court erred in dismissing PCRA petition as patently frivolous and untimely without an evidentiary hearing where appellant would have established timeliness and right to relief?

_____

On April 24, 2020, the PCRA court judge, the Honorable William T. Tully, filed a response in this Court. Specifically, Judge Tully indicated the following:

It came to our attention in February that the Clerk of Courts was not serving certain Orders that were generated through CPCMS to incarcerated defendants. Specifically, all final orders dismissing a PCRA [petition] generated on CPCMS were not served. [Appellant] was one of the defendants who was not served the final dismissal [order] until sometime in February of 2020. Since the Clerk of Courts did not keep record of the exact date in which [Appellant] was served with the August 6, 2019, Order, [the court should] consider [Appellant's] appeal to be timely filed.

Judge Tully's Response, filed 4/24/20.

It is well-settled that an appeal period does not begin to run until the date the Clerk of Courts notes the date of service on the docket. *See* Pa.R.Crim.P. 114(c)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.Crim.P. 907(4) (an order dismissing a petition without a hearing "shall advise the defendant…of the time limits within which the appeal must be filed"); Pa.R.A.P. 108(a)(1), (d)(1) (the appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties"). Accordingly, where there is a docketing failure or lack of notice, this Court will excuse an untimely appeal. *Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa.Super. 2000) (finding a breakdown in the PCRA court and deeming the PCRA petitioner's appeal timely where Clerk of Courts failed to notify the petitioner of the order denying collateral relief). Our review of the record confirms the Clerk of Courts failed to note on the docket when Appellant was served with the PCRA court's August 6, 2019, dismissal order. Accordingly, due to this breakdown, we decline to quash the instant appeal on the basis it is untimely. *See id.*

- 4 -

3) PCRA court erred in dismissing PCRA petition and failing to serve appellant with the final order in accordance with Pa.R.Crim.P., PCRA statute and due process clause of the Fourteenth Amendment?

4) PCRA counsel was constitutionally ineffective for not filing second PCRA petition raising prosecutorial misconduct, which rises to fraud on the court, where prosecuting attorney intentionally misled court and defense on crimen falsi convictions of key prosecution witness revealed during evidentiary hearing?

Appellant's Brief at 4.

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

_____

[3] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." ***See*** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." ***See id.***, cmt. We shall assume, *arguendo*, the amended version of Subsection 9545(b)(2) is applicable to the instant matter.

Here, Appellant was sentenced on April 25, 2008, and this Court affirmed his judgment of sentence on July 29, 2009. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 10, 2010, and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final 90 days later, on or about June 10, 2010. **See** U.S. Supreme Court Rule 13 (effective January 1, 1990) (stating that a petition for writ of *certiorari* to review a judgment of sentence is deemed timely when it is filed within 90 days). Appellant filed the instant PCRA petition on May 2, 2019, and consequently, it is facially untimely.

However, this does not end our inquiry as Appellant attempts to invoke the "newly-discovered facts" exception set forth in Subsection 9545(b)(1)(ii).

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

Appellant's "newly-discovered facts" claim relates to his alleged discovery that the prosecutor withheld material evidence (Whitstyne's criminal

- 7 -

record). However, Appellant alleged in his first PCRA petition that the prosecutor committed a **Brady** violation by withholding this evidence. Accordingly, Appellant has failed to "demonstrate he did not know the facts upon which he based his [instant PCRA] petition and could not have learned those facts earlier by the exercise of due diligence." **Brown**, 111 A.3d at 176. Thus, Appellant has failed to plead and prove he is entitled to the "newly-discovered facts" timeliness exception.[4]

Moreover, Appellant attempts to invoke the government interference exception set forth in Subsection 9545(b)(1)(i). To establish the government interference exception, Appellant was required to demonstrate that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."

_____

[4] In support of his claim that he is entitled to the "newly-discovered facts" exception, Appellant contends this Court's opinion in **Commonwealth v. Cole**, 227 A.3d 336 (Pa.Super. 2020), is indistinguishable from his case. In **Cole**, which we filed on January 24, 2020, this Court held trial counsel was ineffective in failing to request a jury instruction regarding the impact a witness's _crimen falsi_ convictions could have on the jury's assessment of the witness's credibility. Appellant suggests his discovery of **Cole** entitles him to the exception under Subsection 9545(b)(1)(ii).

We dispose of Appellant's contention simply by noting that a judicial opinion does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in Subsection 9545(b)(1)(ii). **See Commonwealth v. Watts**, 611 Pa. 80, 23 A.3d 980 (2011).

*Commonwealth v. Bankhead*, 217 A.3d 1245, 1247-48 (Pa.Super. 2019) (quotation marks and quotation omitted).

Initially, with regard to the government interference exception, Appellant avers "from May 23, 2011, to March 26, 2019, [Appellant] was represented by Mr. Ziegler and in 2019, when Mr. Ziegler's representation ended, [Appellant] filed his second PCRA petition raising Mr. Ziegler's ineffectiveness, thus meeting § 9545(b)(2)'s one year limitations period." Appellant's Brief at 15. Appellants suggests Mr. Ziegler was ineffective in failing to raise issues regarding the prosecutor's failure to disclose Whitstyne's criminal record.

It is well-settled that "government officials" do not include "defense counsel" for purposes of Subsection 9545(b)(1)(i). *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000). Thus, Appellant has not demonstrated that he is entitled to the government interference exception on this basis.

Additionally, Appellant alleges he is entitled to the government interference exception since, during the August 3, 2012, evidentiary hearing regarding his first PCRA petition, the trial judge revealed she was aware of the prosecutor's *Brady* violation. Even assuming, *arguendo*, the trial judge made such a revelation during the August 3, 2012, evidentiary hearing, Appellant has failed to meet the initial one-year threshold under Subsection 9545(b)(2).

That is, he has failed to explain why he waited until May 2, 2019, to raise the issue.

Finally, as it pertains to Appellant's claim the PCRA court erred in denying his petition without an evidentiary hearing, we note "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008). In the case *sub judice*, the PCRA court properly concluded there was no genuine issue of material fact regarding the untimeliness of Appellant's petition, and the PCRA court did not otherwise abuse its discretion in failing to hold a hearing.

For all of the foregoing reasons, we agree with the PCRA court that Appellant's second PCRA petition is untimely. Thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021